IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DAVID GONZALEZ, | : | Civil No.:1:06-CV-1551 |
| Petitioner, | : | JUDGE SYLVIA H. RAMBO |
| v. | : | |
| JOHNATHAN MINER, Warden, and ALBERTO GONZALES, Attorney General, | : | |
| Respondents. | : | |

## M E M O R A N D U M

Petitioner, David Gonzalez, an inmate at the United States Penitentiary in Allenwood, Pennsylvania (hereinafter "USP-Allenwood"), commenced this action *pro se* on August 10, 2006, with a petition for writ of habeas corpus under 28 U.S.C. § 2241(a) (Doc. 1). Respondents are USP-Allenwood Warden Johnathan Miner and Attorney General Alberto Gonzales. Defendant seeks his immediate release based on alleged errors in his September 13, 2005 Judgment and Commitment Order. Because § 2255, instead of § 2241, is the appropriate vehicle through which Petitioner should raise such a challenge, the court will summarily deny the petition.

## I.      Background

On July 14, 2005, subsequent to a guilty verdict in a jury trial, Petitioner received a life sentence for violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (possession with intent to distribute cocaine) in the United States District Court for the Northern District of Ohio. Petitioner filed an appeal in the United States Court of Appeals for the Sixth Circuit, which was still pending as of the date

of the instant petition.  Petitioner now seeks immediate release from custody and confinement, claiming that his judgment is void and imprisonment is invalid.

**II.**          **Legal Standard**

Habeas corpus petitions brought under 28 U.S.C. § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts.  *See* 28 U.S.C. foll. § 2254, Rule 1(b).  Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  *Id.* at Rule 4.

**III.**          **Discussion**

Both 28 U.S.C. § 2255 and 28 U.S.C. § 2241 confer habeas jurisdiction to hear petitions of federal prisoners.  *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).  Generally a challenge to the validity of a federal conviction or sentence, or the court's jurisdiction must be brought in a § 2255 motion.  *See United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999).  Where a federal prisoner challenges the execution, rather than the validity, of his sentence, § 2241 is the only statute which confers habeas jurisdiction to hear the petition and is in fact expressly limited to such challenges.  *Coady*, 251 F.3d at 485 (indicating that denial of parole is an example of sentence execution that falls within the scope of § 2241).  Thus, "where petitioner challenges the effect of events 'subsequent' to his sentence on that sentence, [§ 2241 provides] an appropriate remedy" and "the purpose of [§ 2255 is

to] correct erroneous sentences resulting from events in the trial court at or before sentencing.  *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir. 1976).

However, where a petitioner can show that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention" he may be able to use § 2241 to raise challenges otherwise excluded from its scope.  *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000).  In the Third Circuit, such inadequacy or ineffectiveness is present only where the petitioner establishes " 'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.' "  *Id.* at 648. (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)).  Moreover, "[i]t is the inefficacy of the remedy, *not a personal inability to utilize it*, that is determinative."  *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986)) (emphasis added).  For example, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements" of the section.  *Id.* at 539.

Petitioner argues that because the judgment and commitment order fails to cite a statutory subsection under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) or otherwise cite a specific quantity of drugs or refer to various statutory provisions and United States Sentencing Guidelines, the judgement is invalid and his confinement is unlawful.  The judgment and commitment order sets forth the sentence.  Thus, Petitioner does not challenge the execution of his sentence but the format of how his sentence is presented in the judgment and commitment order, and

is essentially a challenge to the validity of the sentence itself.  Therefore, a petition filed pursuant to § 2255 in the sentencing court is the appropriate vehicle through which Petitioner should seek relief.

Finally, although Petitioner does not set forth any reasons or arguments that a § 2255 petition would be "inadequate or ineffective," the court notes that the fact that Petitioner may not currently file a § 2255 petition because his direct appeal is still pending is an insufficient basis to support such a finding.  *See id.*

Accordingly, the court finds that instant petition is without merit and will summarily dismiss it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  28 U.S.C. foll. § 2254, Rule 4.

## IV.        <u>Conclusion</u>

For the foregoing reasons, Petitioner's habeas corpus petition will be denied.  An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  August 18, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID GONZALEZ,                       :   Civil No.:1:06-CV-1551
                                      :
            Petitioner,               :   JUDGE SYLVIA H. RAMBO
                                      :
      v.                              :
                                      :
JOHNATHAN MINER, Warden, and          :
ALBERTO GONZALES, Attorney            :
General,                              :
                                      :
            Respondents.              :
                                      :

# O R D E R

In accordance with the foregoing memorandum of law, **IT IS**

**HEREBY ORDERED THAT**:

    1) The petition for a writ of habeas corpus under 28 U.S.C. § 2241

(Doc. 1) is **DISMISSED** without prejudice to any right Petitioner may have to seek

relief under 28 U.S.C. § 2255.

    2) The Clerk of Court is directed to close this case.


                                  s/Sylvia H. Rambo
                                  SYLVIA H. RAMBO
                                  United States District Judge

Dated:  August 18, 2006.