IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID GONZALEZ,                    :    Civil No.:1:06-CV-1551
                                   :
                Petitioner,        :    JUDGE SYLVIA H. RAMBO
                                   :
        v.                         :
                                   :
JOHNATHAN MINER, Warden, and       :
ALBERTO GONZALES, Attorney         :
General,                           :
                                   :
                Respondents.       :

**M E M O R A N D U M**

Before the court is Petitioner David Gonzalez's Motion to Amend Original Pleading Pursuant to Federal Rule of Civil Procedure Rule 15(a) (Doc. 5). The court will grant Petitioner's motion to amend the pleading, but because the amendment does not alter the substance of the petition, the court will summarily dismiss the amended petition for the same reasons as those stated in the court's August 18, 2006 order (Doc. 4).


**I.**        **Background**

        Petitioner, an inmate at the United States Penitentiary in Allenwood, Pennsylvania (hereinafter "USP-Allenwood"), commenced this action *pro se* on August 10, 2006, with a petition for writ of habeas corpus under 28 U.S.C. § 2241(a) (Doc. 1).  Respondents are USP-Allenwood Warden Johnathan Miner and United States Attorney General Alberto Gonzales.

        On July 14, 2005, subsequent to a guilty verdict in a jury trial, Petitioner received a life sentence for violations of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(A) (possession with intent to distribute cocaine) in the United States District Court for the Northern District of Ohio.  Petitioner filed an appeal in the United States Court of Appeals for the Sixth Circuit, which is still pending.

In his initial petition here, Petitioner sought immediate release from custody by challenging the validity of his September 13, 2005 judgment and commitment order based on an alleged failure to cite certain statutory subsections and provisions therein.  On August 18, 2006, the court summarily denied the petition, because § 2255, instead of § 2241, is the appropriate vehicle through which Petitioner should have challenged the validity of his sentence.

Petitioner now requests permission to amend the original petition.  The proposed amendment sets forth additional authority and a more clearly articulated argument with respect to the alleged errors in the judgment, but substantively makes the same arguments as those contained in the original petition with regard to this issue.  In addition, the proposed amendment sets forth some new challenges in connection with Petitioner's indictment and the related grand jury session.

## II.      **Legal Standard**

### A.      **Motion to Amend**

Federal Rule of Civil Procedure 15(a) permits a party to amend the pleading "once as a matter of course at any time before a responsive pleading is served."  Fed. R. Civ. P. 15(a).

**B.     Summary Dismissal of Habeas Petitions**

Habeas corpus petitions brought under 28 U.S.C. § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts. *See* 28 U.S.C. foll. § 2254, Rule 1(b). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *Id.* at Rule 4.

**III.        Discussion**

Both 28 U.S.C. § 2255 and 28 U.S.C. § 2241 confer habeas jurisdiction upon the district courts to hear petitions of federal prisoners. *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). However, the purpose of each statute and the circumstances in which each applies are different. Generally a challenge to the validity of a federal conviction or sentence, or the court's jurisdiction, must be brought in a § 2255 motion, which must be filed in the sentencing court. *See United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999); *see also* 28 U.S.C. § 2255. As stated in the court's August 18, 2006 memorandum and order, "the purpose of [§ 2255 is to] correct erroneous sentences resulting from events in the trial court at or before sentencing," whereas § 2241 is the appropriate vehicle to challenge "the effect of events 'subsequent' to [a petitioner's] sentence on that sentence." *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir. 1976).

3

In his amended petition, Petitioner argues that the judgment against him is invalid and his confinement is unlawful because the September 13, 2005 judgment and commitment order fails to cite a statutory subsection under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), or otherwise cite a specific quantity of drugs or refer to various statutory provisions and United States Sentencing Guidelines. These arguments, which are identical to the challenges raised in the original petition, constitute a challenge to the validity of the sentence itself.

Petitioner also makes some additional arguments in connection with the grand jury session and his indictment, events that occurred prior to sentencing. Thus, the amended petition, like the original petition, only raises challenges that relate to events that occurred at or prior to sentencing. Consequently, it raises issues that fall squarely within the scope of § 2255 and a petition filed pursuant to that provision in the sentencing court is the appropriate vehicle through which Petitioner should seek relief.[1]  *See id.*

The court finds that the amended petition is without merit and will summarily dismiss it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. foll. § 2254, Rule 4.

---

[1] Again, the court notes that, as stated in the August 18, 2006 order, the fact that Petitioner may not currently file a § 2255 petition because his direct appeal is still pending is an insufficient basis for allowing Petitioner to file a § 2241 petition instead. *See United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000) (Where a petitioner can show that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention" he may be able to use § 2241 to raise challenges otherwise excluded from its scope.); *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002) (Section 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements" of the section.).

**IV.**      <u>**Conclusion**</u>

The court will grant Petitioner's motion to amend the original petition, pursuant to Federal Rule of Civil Procedure 15(a).  However, for the foregoing reasons, Petitioner's amended habeas corpus petition will be denied.  An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  August 23, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID GONZALEZ,

                Petitioner,

        v.

JOHNATHAN MINER, Warden, and
ALBERTO GONZALES, Attorney
General,

             Respondents.

Civil No.:1:06-CV-1551

JUDGE SYLVIA H. RAMBO

# O R D E R

    In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT**:

    1) Petitioner's Motion to Amend Original Pleading Pursuant to Federal Rule of Civil Procedure Rule 15(a) (Doc. 5) is **GRANTED.**

    2) The amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** without prejudice to any right Petitioner may have to seek relief under 28 U.S.C. § 2255.

    3) The caption action remains closed.

                           s/Sylvia H. Rambo
                           SYLVIA H. RAMBO
                           United States District Judge

Dated:  August 23, 2006.